

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. WR-94,535-01

---

### EX PARTE MICHAEL DEIONDRE BOWEN, Applicant

---

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. WRIT12282 IN THE 354TH DISTRICT COURT
### HUNT COUNTY

---

**SLAUGHTER, J., filed a concurring opinion.**

### <u>CONCURRING OPINION</u>

I join in the Court's decision to grant Applicant postconviction habeas relief in the

form of an out-of-time petition for discretionary review. I write separately to once again

emphasize the importance of appellate counsel's duty to provide timely and accurate

information to clients regarding the right to file a *pro se* PDR following resolution of a

direct appeal. Here, appellate counsel failed to inform Applicant of this right, thereby

depriving Applicant of his ability to pursue review in this Court. This situation happens far

too frequently and is a troubling sign that some appellate attorneys are failing to properly

communicate with their clients (particularly those who are incarcerated) regarding their right to seek discretionary review.

## I. Background

In 2019 Applicant was convicted of aggravated robbery. Appellate counsel filed a direct appeal, but on August 10, 2021, the court of appeals issued an opinion affirming Applicant's conviction. *Bowen v. State*, No. 05-19-00598-CR, 2021 WL 3519468 (Tex. App.—Dallas Aug. 10, 2021, no pet.) (not designated for publication). In his instant postconviction habeas application, Applicant alleges that appellate counsel never informed him of the appellate court's decision. Instead, he claims that he learned of the decision on August 8, 2022, after his written inquiry to the clerk of the court of appeals regarding an update on his case yielded a response that the appellate court affirmed his conviction in August 2021. Applicant then filed this application for a postconviction writ of habeas corpus seeking an out-of-time PDR.

In response to Applicant's allegations, appellate counsel did not initially "recall receiving the Memorandum Opinion" from the court of appeals "due to the passage of time." But then, after reviewing her files, she affirms that she received a copy of the opinion on August 10, 2021. Counsel admits that she did not send a copy of the opinion to Applicant, nor did she advise him of his right to file a *pro se* PDR. She further concedes that the failure to provide Applicant with the opinion was "an inadvertent but costly mistake." Ultimately, counsel expresses her regret with respect to the failure and apologizes to "all parties and Courts involved in this matter."

## II. Appellate Counsel's Duties Under the Appellate Rules

Criminal defendants have a constitutional right to the effective assistance of counsel. U.S. CONST. AMEND. VI; *Strickland v. Washington*, 466 U.S. 668, 686 (1984). This right to effective assistance extends to the first direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 395–96 (1985); *Ward v. State*, 740 S.W.2d 794, 799 (Tex. Crim. App. 1987). Although a criminal defendant has no right to the assistance of counsel for purposes of actually pursuing discretionary review, his appellate counsel still has the duty to advise him regarding his right to file a *pro se* PDR. *In re Schulman*, 252 S.W.3d 403, 411 (Tex. Crim. App. 2008) (detailing appellate counsel's duties to clients upon denial of relief on appeal). This obligation is codified in the Texas Rules of Appellate Procedure:

> In criminal cases, the attorney representing the defendant on appeal shall, **within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review** under Rule 68. This notification **shall be sent certified mail**, return receipt requested, to the defendant at his last known address. The attorney shall also send the court of appeals a letter certifying his compliance with this rule and attaching a copy of the return receipt within the time for filing a motion for rehearing. The court of appeals shall file this letter in its record of the appeal.

TEX. R. APP. P. 48.4 (emphasis added).

As Rule 48.4 clearly states, appellate counsel *must*: (1) send a copy of the court of appeals' opinion *and* notify her client of his right to pursue a *pro se* PDR "within five days after the opinion is handed down;" (2) send that notification via certified mail, with a return receipt requested; and (3) send the court of appeals a letter certifying compliance with Rule 48.4. Unfortunately, counsel's failure to abide by Rule 48.4 deprived Applicant of his opportunity to pursue an entire proceeding. *Ex parte Owens*, 206 S.W.3d 670, 675 (Tex. Crim. App. 2006) (noting that counsel's failure to inform a client of his right to pursue a

petition for discretionary review "deprive[d] him of an entire proceeding"). Thus, I agree with the Court that the appropriate remedy under these circumstances is to put Applicant back in the position he would have been in but for counsel's error by granting him an out-of-time PDR.

## III.     Appellate Counsel's Duties Under the Rules of Professional Conduct

More generally, I also note here that the Texas Disciplinary Rules of Professional Conduct require lawyers to keep clients reasonably informed of any case developments and to effectively communicate with their clients in a manner that permits the clients to make informed decisions related to their cases. Tex. Disciplinary Rules Prof'l Conduct R. 1.03(a)–(b). Further, "in representing a client, a lawyer shall not[] neglect a legal matter entrusted to the lawyer." *Id*. R. 1.01(b)(1).

Ultimately, appellate counsel's failure to properly communicate with clients about the status of their direct appeals is unfair to clients and falls short of the standard for professionalism set forth in the disciplinary rules. Not only this, but it results in unnecessary burdens on the courts and causes judicial inefficiency that wastes taxpayer dollars. I certainly understand and acknowledge that we are all human beings who make mistakes. In fact, in this case appellate counsel acknowledged her mistakes and expressed remorse, apologizing to all involved. I appreciate that. But, based on the sheer volume of writ applications this Court sees annually in which this or similar problems arise, I feel that it is my ethical obligation to bring attention to this issue so that attorneys may be reminded of the effect of failing to properly communicate with their clients. *See* Tex. Code Jud. Conduct, Canon 3(D)(2) ("A judge who receives information clearly establishing that a

lawyer has committed a violation of the Texas Disciplinary Rules of Professional Conduct should take appropriate action."). It is my hope that, by bringing attention to this issue, appellate attorneys will be motivated to take steps to ensure that such situations do not occur in the future.

      With these comments, I join the Court's opinion.

Filed: June 7, 2023

Publish